UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
www.flsd.uscourts.gov

CASE NO.: 1:15-19157-BKY

IN RE: MIGUEL A. ALBERT §
§
§
§

---

**CREDITORS' MOTION FOR RELIEF FROM STAY**

And now, come the Movant, Aracelly Aguilar (hereinafter "Movant" or "Aguilar") hereby move pursuant to 11 U.S.C. §§ 362 (c) (3)(C) and (d) (1) and (2) for an order granting relief from the automatic stay to allow for the bad faith filing and in the alternative to permit Movant to proceed in the District Court with her claims. As grounds for its Motion, Movant states as follows:

1) This Motion is brought pursuant to 11. U.S.C. §362 and Fed R. Bankr. P. 4001 and 9014. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 4001 of the United States District Court for this District. The is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §1409. This is a motion to obtain relief from a stay as provided in 11 U.S.C. §362(d) of title 11 Bankruptcy Rule 4001.

2) On or about May 19, 2015, the debtor Miguel A. Albert, named above filed a petition for relief under Chapter 7.

3) An action is pending in the State court of Florida in Aracelly Aguilar v. Miguel A. Albert, (MD); Case No.; 2003-008865-CA-01

4) Said is a tort action alleging negligence arising out of conduct by Miguel A. Albert (MD).

5) Said action was stayed by operation of 11 U.S.C. §362(a) upon the filing of the debtor's petition for bankruptcy.

6) That the matter is in the discovery phase of litigation with a status conference set for October 1, 2015.

7) Plaintiff needs to fully participate in discovery and proceed with the claims in state court.

8) Movant requests that the Automatic Stay be lifted to allow her to continue with her litigation in the nonbankruptcy forum.

## MEMORANDUM OF LAW

An automatic stay may be terminated for "cause" pursuant to §362(d)(1) of the Bankruptcy Code." *In re Dixie Broadcasting, Inc*. 871 F.2d 1023, 1026 (11th Cir. 1989). "Although cause is not defined. . . Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in nonbankruptcy forums . . ." *In re United Imports Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history); *see also Robbins v Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citing legislative history: "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handle elsewhere").

Courts have adopted a number of tests to determine when stay relief should be granted to allow litigation to proceed. See e.g. W*OW! Factor Desserts, Inc. v. Anderson* (I*n re Johnson*), 2006 Bankr. LEXIS 3246 (Bankr. N.D. Ga. Oct. 11, 2006). For example, in *In re Video Cassette Games, Inc.*, 108 B.R. 347 (Bankr. N.D. Ga. 1989), Judge Drate adopted the three part test employed by the Court in *In re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D. Ill. 1986)(finding that the court should consider whether any great prejudiced would result from continuation of the suit, weigh the hardships on the debtor and non-debtor if they stay is maintained, and consider the probability of the non-debtor prevailing). Other courts have followed the twelve-part tests set out by the Second Circuit in *Sonnax Industries,, Inc. v. Tri Component Products Corp*., 907 F.2d 1280, 1285 (2d Cir. 1990), where the court looked to: (1) whether the relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subornation; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms. *In re New York Medical Group, P.C.* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see also Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)* 159 B.R. 90, 96 (D.P.R. 1993); *aff'd* 23 F.3d 395 (1st Cir. 1994); *In re Busch,*

294 B.R. 137 141 n.4 (10th Cir. B.A.P. 2003); *In re Curtis*, 40 B.R. 795, 799-800(Bankr D. Utah 1984). In weighing these factors, courts only consider those factors that are relevant to the particular case at hand and do not assign equal weight to each factor. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).

In the instant case, the Court should permit Ms. Aracelly Aguilar to proceed with prosecuting her overtime wage claim and allow her to participate in the discovery process. The impact of this stay would cause undue harm to Aracelly Aguilar. There be no great prejudice to the bankruptcy estate would result in granting the relief from stay.

WHEREFORE, Aracelly Aguilar, moves this Court for an Order relieving movant from the aforesaid stay, and for such other relief as is just.

July 30th 2015

Respectfully submitted,

__/s/Steven C. Fraser__

Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865–7167
Email:nofbky@gmail.com

CERTFICATE PURSUANT TO
LOCAL RULE 9011-4(B)

I Hereby Certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Motion for Relief from Stay was sent via CM/ECF to on this 30th day of July, 2015.

By:__/s/Steven C. Fraser___________
Steven C. Fraser
Florida Bar Number: 625825

**SERVICE LIST**

**Via cm/ECF**
Joanne M Postel
4810 SW 72nd Avenue
Miami, Florida 33155
(305) 661-6641
joannepostelesq@yahoo.com

Drew M Dillworth
150 S. Flagler Street, Suite 200
Miami, Florida 33130

Office of the United States Trustee
51 SW 1st Avenue, Suite 900
Miami, Florida 333130
(305) 536-7285
USTPRegion21.mm.ecf@usdoj.net