UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CASE NO.: 15-19157-BKC-LMI
CHAPTER 7

MIGUEL ARCANGEL ALBERT
SSN: XXX-XX-8173
Debtor. /

RICHARD J. DIAZ, P.A.,

ADV. CASE NO.:_____________

Plaintiff,

v.

MIGUEL ARCANGEL ALBERT,

Defendant.
_____________________________/

**COMPLAINT OBJECTING TO DISCHARGE**

Richard J. Diaz, P.A., interested party and creditor in the above-captioned bankruptcy case, through counsel, files this Complaint objecting to the Debtor's discharge, and states as follows:

## I. JURISDICTION AND VENUE

1. This is an adversary proceeding filed under Federal Rules of Bankruptcy Procedure 7001, *et seq.,* seeking to object to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and 727(a)(5).

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b).

4. The venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

## II. THE PARTIES

5. Defendant, Miguel Arcangel Albert ("Defendant" or "Debtor"), is a medical doctor and is the Debtor in the underlying bankruptcy proceeding, which remains pending as Case No. 15-19157-BKC-LMI (the "Main Case") before this Court.

6. Plaintiff, Richard J. Diaz, P.A. ("RJD" or "Plaintiff"), is a listed creditor in this bankruptcy case, with a judgment against the Debtor for $284,166.49, as set forth in Plaintiff's proof of claim, assigned Claim Number 2-1.

## III. FACTS

### A. Background

7. On May 19, 2015 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 Bankruptcy petition [Main Case, ECF No. 1](the "Petition").

8. Over the years, the Debtor has been sued for medical malpractice, and owes the Internal Revenue Service monies as reflected in various Federal income tax liens.

9. In order to evade such creditors, and as described in more detail below, the Debtor has hidden his assets and income from his creditors and, accordingly, should not be granted a discharge.

### B. The $18 Million Birch Judgment

10. In late September 1997, Douglas Birch, Donna Birch and Basil Birch obtained a judgment in the amount of $18.3 million against the Debtor in the case of *Douglas Birch, et. al. v. Miguel A. Albert, M.D. and Miguel A. Albert, P.A.*, Case No. 92-12140 CA 32, in the 11th Judicial Circuit of Florida, in and for Miami-Dade County (the "Birch Judgment").

11. The Debtor did not have sufficient funds or income to satisfy the Birch Judgment.



TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**C. The $2.3 Million Federal Income Tax Debt**

12. From 1999 – two years after the entry of the Birch Judgment – until the Petition Date, the Debtor incurred over $2.3 million in Federal income tax debt (the "Tax Debt"), which obligation is reflected on the Debtor's bankruptcy schedules.

13. The Internal Revenue Service (the "IRS") has recorded Federal Tax Liens against the Debtor.

**D. The 20+ Additional Malpractice Cases and the Debtor's Divorce**

14. The Debtor also had approximately 20 other malpractice claims against him (the "Other Malpractice Cases"), some of which resulted in large judgments against him.

15. These include a $250,000 judgment in favor of Lim Joa and Diana Joa (*See* Main Case, ECF No. 40], and a $129,583.05 judgment in favor of Melanie Perez (*See* Schedule "F").

16. The Debtor's wife also initiated divorce proceedings against the Debtor in 2005.

**E. The Money Funneling Scheme**

17. The Debtor maintained a lucrative medical practice during all relevant periods of time.

18. But in order to keep his assets and income from the grasp of his creditors, the Debtor hid and diverted his income and assets in complicity with various family members.

19. For the last few years before the Petition Date, the Debtor transferred most of the income from his medical practice into a business account titled in the name of M. A. A. OB/GYN, Inc. (the "Main Business Account").

20. Almost immediately after being deposited into the Main Business Account, the monies were then transferred into a BB&T Personal Interest Checking Account ending

in #8845, titled in the name of the debtor's son, Michael Albert (the "Michael Albert Office Account").

21. Michael Albert has no valid role in the Debtor's business.

22. The Michael Albert Office Account was then used to pay many of the Debtor's business and personal expenses, including:

a) The Debtor's Rent;

b) The Debtor's monthly country club membership fees;

c) The Debtor's season tickets for the Miami Heat basketball team;

d) The monthly payments for the Debtor's 2012 Mercedes E-350, which is leased in the name of the Debtor's father, Gervasio Albert, which costs approximately $1,250 per month;

e) The Debtor's life insurance; and

f) The Debtor's alimony payments to his ex-wife.

23. The Michael Albert Office Account was also used by the Debtor to write checks for his other expenses.

24. Because Michael Albert was a law student in Chicago and did not live with the Debtor, the Debtor forged his son's signature on all of the checks, including those to pay his own salary.

25. In fact, the Debtor forged the check with which he paid his attorneys to file this bankruptcy case.

26. Some funds in the Michael Albert Office Account were subsequently transferred to two additional accounts – BB&T Personal Interest Checking #5535 and #4984 (collectively, the "Checking Accounts," and together with the Main Business Account and Michael Albert Office Account, the "Bank Accounts") – which were also held in Michael

Albert's name, but used by the Debtor to pay for a variety of the Debtor's personal expenses, including, but not limited to:

a) The Debtor's medical insurance; and

b) The Debtor's utility bills.

27. It is estimated that the Debtor diverted income and cash in the following amounts between 2007 and 2013:

a) $339,430.04 in 2007

b) $185,486.48 in 2008

c) $255,736.98 in 2009

d) $228,929.94 in 2010

e) $135,385.18 in 2011

f) $106,571.50 in 2012

g) $87,467.22 in 2013

28. Based on a review of the documents provided by the Debtor prior to his 2004 Examination, the Debtor diverted hundreds of thousands of dollars more between 2014 and the Petition Date.

## CAUSES OF ACTION

### COUNT I – OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)

29. The Plaintiff reasserts each and every allegation set forth in paragraphs 1-28 of this Complaint as though fully set forth herein.

30. The Debtor, within one year of the Petition Date, with the intent to hinder, delay or defraud creditors of the Estate, including RJD and the IRS, has transferred,

removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Debtor.

31. Moreover, as specifically set forth above, the Debtor caused financial accounts to be opened in the name of his son and used those accounts to divert all of his income, for the sole purpose of concealing his income from his creditors.

32. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

**WHEREFORE**, Plaintiff, Richard J. Diaz, P.A., respectfully requests this Honorable Court enter a judgment on its behalf and against the Debtor, Miguel Arcangel Albert, as follows:

(a) Sustaining the objection to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2); and

(b) Granting such other and further relief as this Court deems just and proper.

**COUNT II – OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5)**

33. The Plaintiff reasserts each and every allegation set forth in paragraphs 1-28 of this Complaint as though fully set forth herein.

34. The Debtor has failed to satisfactorily explain his deficiency of assets to meet his liabilities.

35. Moreover, the Debtor does not have a legitimate reason for not having sufficient assets, as he has admitted to diverting his income to bank accounts held in the name of his family members.



TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

36. Notwithstanding the Debtor's generation of tens of thousands of dollars per month in business income from his medical practice, the Debtor has failed to materially pay down many of his debts, including those owed to RJD and the IRS.

37. Had the Debtor spent less money on luxury goods and maintaining his lavish lifestyle, the Debtor would have been better able to meet his liabilities.

38. All conditions, precedent to bringing this action, have been performed, have occurred, or have been waived.

**WHEREFORE**, Plaintiff, Richard J. Diaz, P.A., respectfully requests this Honorable Court enter a judgment on its behalf and against the Debtor, Miguel Arcangel Albert, as follows:

(a) Sustaining the objection to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5); and

(b) Granting such other and further relief as this Court deems just and proper.

Dated December 22, 2015.

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Alan R. Rosenberg
Florida Bar No. 92004
TABAS, FREEDMAN & SOLOFF, P.A.
*Attorneys for Richard J. Diaz, P.A.*
One Flagler Building
14 Northeast First Avenue, Penthouse
Miami, FL 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
Email: jtabas@tabasfreedman.com
Email: arosenberg@tabasfreedman.com